## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

     Plaintiff,

v.                                      No. 1:24-cv-00685-LF

REGGIE GARCIA,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE NORTHERN INSURANCE COMPANY,
UNITED SERVICES AUTOMOTIVE ASSOCIATION and
USG, MEDICARE PROGRAM,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint of Negligence, Unlawful Conduct and Resulting Tort, and for Remedies Sought, Doc. 1, filed July 3, 2024 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 3, 2024 ("Application"), Plaintiff's Request for Appointment of Counsel, Doc. 4, filed July 3, 2024, and Plaintiff's Motion to Preserve the Timeline, Doc. 5, filed July 3, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $9,650.00 and his "monthly take home is [about] $5,600 after [government] hold back;" and (ii) Plaintiff's monthly expenses total $9,400.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and his monthly expenses exceed his monthly "take home" income.

**The Complaint**

This case arises from a "vehicle crash" and the alleged failure of Defendants to compensate Plaintiff for his damages and to timely provide medical treatment. Complaint at 2, 6. Defendant Garcia was the driver of the vehicle that crashed into Plaintiff's vehicle. *See* Complaint at 4. Defendants Progressive Casualty Insurance Company and Progressive Northern Insurance Company are insurers associated with Defendant Garcia. *See* Complaint at 5. Defendant United Services Automotive Association ("USAA") is Plaintiff's insurer. *See* Complaint at 6. Defendant Medicare provided Plaintiff with medical services and treatment. *See* Complaint at 6-7. Plaintiff

previously filed another case arising from the acts and omissions giving rise to this case.  *See Turner v. Progressive Casualty Ins. Co.*, No. 1:24-cv-00269-KWR-LF (D.N.M., dismissed May 30, 2024) ("*Turner I*").

Plaintiff, who is a resident of New Mexico, asserts that the Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, and because the Progressive Defendants are registered in Maryland and Ohio and Defendant USAA has addresses in Colorado and Texas.  *See* Complaint at 7, 9.  The Court does not have diversity jurisdiction over this matter because Plaintiff and Defendant Garcia are residents of New Mexico.  *See* Complaint at 7.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).[1]

Plaintiff asserts a negligence claim against Medicare.  See Complaint at 6-7.  The Court liberally construes the Complaint as asserting claims pursuant to the Federal Tort Claims Act ("FTCA") which makes the United States liable for negligent acts of employees of federal agencies under certain circumstances.  *See* 28 U.S.C. §§ 2671 *et seq.*  The Federal Tort Claim Act, however, "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)).  "This exhaustion requirement is jurisdictional and cannot be waived."  *Id.* (quotation marks and citation omitted).  Plaintiff has not shown the Court has

[1] The Court previously notified Plaintiff that "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  Order to Show Cause at 3, Doc. 10, filed May 10, 2024, in *Turner I.*

jurisdiction pursuant to the FTCA because the Complaint does not allege Plaintiff has exhausted his administrative remedies.  Furthermore, "[t]he United States is the only proper defendant in a federal tort claims action;" Medicare is not a proper defendant.  *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (stating the district court "lacked subject matter jurisdiction over Plaintiff's FTCA claim against the federal [officials and entities] defendants") (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

Plaintiff asserts claims pursuant to 18 U.S.C. §§ 351(e) and 1031.  *See* Complaint at 11, 14. Section 351(e) is a criminal statute setting forth the fine and term of imprisonment for persons who assault members of Congress, the Cabinet and Supreme Court using a dangerous weapon or resulting in personal injury.  Section 1031 is a criminal statute setting forth the fine and term of imprisonment for persons who commit fraud against the United States.  "[C]riminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").[2]

Plaintiff asserts a claim pursuant to 12 U.S.C. § 5531, Prohibiting unfair, deceptive, or abusive acts or practices.  *See* Complaint at 11.  Section 5531 describes the actions the Bureau of Consumer Financial Protection is authorized "to take to prevent a covered person or service provider from committing or engaging in an unfair, deceptive or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). Section 5531 does not create a private cause of action allowing individuals to enforce the

---

[2] The Court previously notified Plaintiff that "[C]riminal statutes do not provide for private civil causes of action."  Order to Show Cause at 8, Doc. 10, filed May 10, 2024, in *Turner I*.

4

provisions of the Dodd-Frank Act.[3]  *See Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 472 (E.D.N.Y. 2015) (stating "courts have commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them").  Plaintiff has not pointed to any language in Section 5531 explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices.

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 18 U.S.C. §§ 351(e) and 1031 and 12 U.S.C. § 5531.  If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file an amended complaint.  The Amended Complaint must comply with the Federal and Local Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a)(1) (a complaint must contain a short and plain statement of the grounds for the court's jurisdiction); Fed. R. Civ. 10(b) ("A party must state its claims . . . in numbered paragraphs").

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service of a summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Motion to Appoint Counsel**

---

[3] The Court previously notified Plaintiff that "Section 5531 does not create a private cause of action allowing individuals to enforce the provisions of the Dodd-Frank Act."  Order to Show Cause at 3, filed May 10, 2024, in *Turner I*.

Plaintiff asks the Court to appoint counsel on the following grounds: (i) this "case has exceptional elements that each on their own merit would justify a[n] appointment of counsel;" (ii) Plaintiff has sought but has been unable to retain an attorney; and (iii) Plaintiff is disabled and "doesn't have much mental capability left."

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's motion to appoint counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Motion to Preserve Timeline**

Plaintiff describes his interactions with Defendants and states: "Accepting of the multiple notices of intent to sue and the minimum complaint statement made prior to the three-year window, Plaintiff humbly "requests that the entirety of the compl[ai]nt be accepted."  Motion to Preserve Timeline at 7.  Plaintiff is apparently referring to the three-year statute of limitations and the fact that the vehicle crash giving rise to this case occurred on April 2, 2021.  Some of Plaintiff's claims arise from the subsequent alleged failure of the insurance company defendants to compensate Plaintiff for his damages.  The Court declines to rule at this time on whether the statute of limitations bars any of Plaintiff's claims.  The Court will address the statute of limitations issue after Defendants and counsel appear.  *See Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules").

Plaintiff also asks the Court "to allow process allowance to provide further exhibits, summons, and Subpoenas" and requests "a hearing as to which items, claims or counts in the current complaint can be litigated."  Motion to Preserve Timeline at 7.  The Court denies Plaintiff's request for a hearing as premature.  The Court will address which exhibits and claims may be considered at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Plaintiff also requests "45 days to reply, as the execution timelines have a 14 day difference between the court and mail delivery."  Motion to Preserve Timeline at 7.  Plaintiff indicates that a document mailed by the Court to Plaintiff in *Turner I* was not timely delivered to him by the U.S. Postal Service.  The Court denies Plaintiff's request to extend the deadlines for his responses to 45 days.  The Court has a responsibility to administer the Federal Rules of Civil Procedure "to secure

7

the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment. Extending each of Plaintiff's response deadlines to 45 days will considerably delay the resolution of this case. Plaintiff has not shown that untimely delivery of documents by the U.S. Postal Service is a frequent issue.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Notice Regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 3, 2024, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims pursuant to 18 U.S.C. §§ 351(e) and 1031 and 12 U.S.C. § 5531; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(iii)   Plaintiff's Request for Appointment of Counsel, Doc. 4, filed July 3, 2024, is **DENIED.**

(iv)    Plaintiff's Motion to Preserve the Timeline, Doc. 5, filed July 3, 2024, is **DENIED.**

_____
**UNITED STATES MAGISTRATE JUDGE**