IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

        Plaintiff,

v.                                                                 No. 1:24-cv-00685-MIS-LF

REGGIE GARCIA,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE NORTHERN INSURANCE COMPANY,
UNITED SERVICES AUTOMOTIVE ASSOCIATION and
USG, MEDICARE PROGRAM,

        Defendants.

## ORDER OF DISMISSAL

This case arises from a "vehicle crash" and the alleged failure of Defendants to compensate *pro se* Plaintiff for his damages and to timely provide medical treatment. Complaint of Negligence, Unlawful Conduct and Resulting Tort, and for Remedies Sought ("Complaint," ECF No. 1) at 2, 6. Defendant Garcia was the driver of the vehicle that crashed into Plaintiff's vehicle. *See id.* at 4. Defendants Progressive Casualty Insurance Company and Progressive Northern Insurance Company are insurers associated with Defendant Garcia. *See id.* at 5. Defendant United Services Automotive Association ("USAA") is Plaintiff's insurer. *See id.* at 6. Defendant Medicare provided Plaintiff with medical services and treatment. *See id.* at 6-7.

United States Magistrate Judge Laura Fashing notified Plaintiff of some deficiencies with his Complaint and ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's federal claims and to file an amended complaint. ("Order") ECF No. 7. Plaintiff filed an Amended Complaint, ECF No. 8, but did not file a separate response explaining why the Court should not dismiss Plaintiff's federal law claims.

**Defendant Medicare**

The original Complaint asserted a negligence claim against Medicare. *See* Compl. at 6-7. Judge Fashing liberally construed the Complaint as asserting claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, which makes the United States liable for negligent acts of employees of federal agencies under certain circumstances and notified Plaintiff:

> The Federal Tort Claim Act, however, "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). "This exhaustion requirement is jurisdictional and cannot be waived." *Id.* (quotation marks and citation omitted). Plaintiff has not shown the Court has jurisdiction pursuant to the FTCA because the Complaint does not allege Plaintiff has exhausted his administrative remedies. Furthermore, "[t]he United States is the only proper defendant in a federal tort claims action;" Medicare is not a proper defendant. *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (stating the district court "lacked subject matter jurisdiction over Plaintiff's FTCA claim against the federal [officials and entities] defendants") (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

Order at 3-4. Plaintiff no longer asserts a negligence claim against Medicare. *See* Am. Compl. at 12 ("Plaintiff wishes to eliminate any negligence claim against Medicare and USAA").

**18 U.S.C. §§ 351(e) and 1031**

The original Complaint asserted claims pursuant to 18 U.S.C. §§ 351(e) and 1031. *See* Compl. at 11, 14. Section 351(e) is a criminal statute setting forth the fine and term of imprisonment for persons who assault members of Congress, the Cabinet and Supreme Court using a dangerous weapon or resulting in personal injury. Section 1031 is a criminal statute setting forth the fine and term of imprisonment for persons who commit fraud against the United States. Judge Fashing notified Plaintiff: "'[C]riminal statutes do not provide for private civil causes of action.' *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ('a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another')." Order at 4 (footnote omitted).

2

The Amended Complaint also asserts claims pursuant to 18 U.S.C. §§ 351(e) and 1031. *See* Am. Compl. at 11, 14. The Court dismisses Plaintiff's claims pursuant to 18 U.S.C. §§ 351(e) and 1031 because Plaintiff has not cited any legal authority showing that those statutes provide for private civil causes of action.

**12 U.S.C. § 5531**

The original Complaint asserted a claim pursuant to 12 U.S.C. § 5531, Prohibiting unfair, deceptive, or abusive acts or practices. *See* Compl. at 11. Judge Fashing notified Plaintiff:

> Section 5531 describes the actions the Bureau of Consumer Financial Protection is authorized "to take to prevent a covered person or service provider from committing or engaging in an unfair, deceptive or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). Section 5531 does not create a private cause of action allowing individuals to enforce the provisions of the Dodd-Frank Act. *See Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 472 (E.D.N.Y. 2015) (stating "courts have commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them"). Plaintiff has not pointed to any language in Section 5531 explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices.

Order at 4-5 (footnote omitted).

The Amended Complaint also asserts a claim pursuant to 12 U.S.C. § 5531. *See* Am. Compl. at 11. The Court dismisses Plaintiff's claim pursuant to 12 U.S.C. § 5531 because Plaintiff has not identified any language in Section 5531 explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices.

**Diversity Jurisdiction**

Plaintiff, who is a resident of New Mexico, asserts that the Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, and because the Progressive Defendants are registered in Maryland and Ohio and Defendant USAA has addresses in Colorado and Texas. *See* Compl. at 7, 9. Judge Fashing notified Plaintiff:

3

> The Court does not have diversity jurisdiction over this matter because Plaintiff and Defendant Garcia are residents of New Mexico.  *See* Complaint at 7.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Order at 3 (footnote omitted).  The Court does not have diversity jurisdiction over Plaintiff's state law claims because both Plaintiff and Defendant Garcia are residents of New Mexico.  *See* Am. Compl. at 7 (stating "Mr. Turner and Mr. Garcia are residents of Sandoval County, New Mexico").

**Conclusion**

The Court, having dismissed Plaintiff's only federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Plaintiff's Letter to the Court**

Plaintiff previously filed another case arising from the acts and omissions giving rise to this case.  *See Turner v. Progressive Cas. Ins. Co.*, No. 1:24-cv-00269-KWR-LF (D.N.M., dismissed May 30, 2024) ("*Turner I*").  United States Magistrate Judge Laura Fashing ordered Plaintiff to show cause why the Court should not dismiss *Turner I* for lack of jurisdiction and to file an amended complaint.  *See* Amended Order to Show Cause, ECF No. 10, filed May 10, 2024, in *Turner I.*  United States District Judge Kea W. Riggs dismissed *Turner I* for lack of jurisdiction

4

after Plaintiff did not timely show cause or file an amended complaint. *See* Order of Dismissal, ECF No. 11, filed May 30, 2024, in *Turner I*. Plaintiff filed a Notice of Appeal on July 3, 2024. *See* ECF No. 14 in *Turner I*. The United States Court of Appeals for the Tenth Circuit dismissed Plaintiff's appeal as untimely. *See* ECF No. 20, filed August 13, 2024, in *Turner I*.

> Plaintiff filed a Letter in this case stating:
>
> The current case status is extremely confusing . . .
>
> Can you have someone sit down with me and tell me which case is active and how to proceed simply? Currently there are 3 cases;[1] 2 complaints and 1 appeal . . .
>
> So if you could answer the following questions:
>
> 1. If the amended complaint is turned in on 30 July 24, can the appeal be terminated and the case to move forward? The language in the appeal order is confusing.
>
> 2. Do I need the appellate court to order the District Court to continue the case?
>
> 3. How can we as a team, court, plaintiff, and defendants work for the most <u>efficient way for the Court</u>?

ECF No. 9 (emphasis in original).

The Court cannot give legal advice as to what a Plaintiff should or should not do in any particular case.

> Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted). Thus, although we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall,* 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. *See id.* ("[W]e do not believe

---

[1] United States District Judge Matthew L. Garcia dismissed Plaintiff's third case because it is duplicative of this case. *See* Order of Dismissal, ECF No. 7, filed September 17, 2024, in *Turner v. Garcia*, No. 1:24-cv-00830-MLG-KK (D.N.M.).

it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Accordingly, **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE